

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS P. THRASH, individually and on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Civil No.: |
| v. | )<br>) Class Action<br>) |
| CPUN TUDOR LESSEE, L.P., a foreign limited partnership for profit, d/b/a/ Tudor Hotel at the United Nations, and DOES 1 through 10 inclusive, | ) Jury Trial Demanded<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CLASS ACTION COMPLAINT

Thomas P. Thrash ("Plaintiff"), individually and on behalf of himself and all others similarly situated by and through undersigned counsel, alleges as follows:

### I. INTRODUCTION

1. This is an action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.* Plaintiff, individually and on behalf of all others similarly situated, brings this action against CPUN Tudor Lessee, L.P., and Does 1-10 (collectively "Defendants") based on Defendants' practice of violating 15 U.S.C. § 1681c(g), a provision of the Fair and Accurate Credit Transaction Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Specifically, Subsection (g) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the

1

cardholder at the point of the sale or transaction." As used herein, the phrase "Prohibited Information" refers to the information which 15 U.S.C. § 1681c(g) prohibits from being printed on receipts - *i.e.*, more than the last five digits of the credit card or debit card number or the expiration date of the card. Despite having had several years to bring themselves into compliance with the law, Defendants have willfully violated § 1681c(g) repeatedly by printing Prohibited Information on credit card or debit card receipts provided to hundreds or thousands of consumers. Based on these violations, Defendants are liable to Plaintiff and the proposed class of other similarly situated consumers under 15 U.S.C. § 1681n.

## II.   THE PARTIES, JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the sole named defendant conducts business throughout this district and because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the sole named defendant.

3.   Plaintiff is a resident of the State of Arkansas, Pulaski County, and is a "consumer" as defined by § 1681a(c) of the FCRA. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks to represent a nationwide class of consumers, likewise defined by § 1681a(c).

4.   Defendant CPUN Tudor Lessee, L.P. ("CPUN") is a foreign Limited Partnership formed in the State of Delaware. Defendant is authorized to do business, and conducts business in the State of New York, in this district at 304 E. 42nd St., New York, New York 10017, and is a "person that accepts credit cards or debit cards for the transaction of business" under the

FCRA, and pursuant to the definition of "person" set forth therein. Defendant's registered agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, CPUN and defendants Does 1 through 10 were affiliated and were an integrated enterprise.

6. Plaintiff is unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained or when such facts pertaining to the liability of defendants Does 1 through 10 are ascertained, or as permitted by law or by the Court.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

**III.   THE STATUTORY SCHEME**

8.　　Section 1681c(g) by its express terms, became effective on December 4, 2004, with respect to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" (collectively referred to herein as "Cash Register" or "Cash Registers") that was "first put into use on or after January 1, 2005." (For practical purposes, the statute became effective January 1, 2005 with respect to such Cash Registers.) With respect to Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress gave companies which were using "older" Cash Registers put into use before January 1, 2005, significant additional time to "fix" the problem with respect to those Cash Registers. In contrast, with respect to Cash Registers first put into use on or after January 1, 2005, Congress imposed liability immediately. The Federal Trade Commission has published numerous pamphlets and news updates on the requirements of FACTA. *See, e.g.*, <u>FTC Business Alert: Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts</u> (FTC, Bureau of Consumer Protection, Division of Consumer and Business Education: May 2007).

9.　　In addition, years ago, VISA, Mastercard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit card information to comply with various state laws, with VISA or Mastercard policies and/or regulations, and/or with FACTA . Indeed, VISA implemented new operations regulations, applicable to new Cash Registers, as early as July 2003, in response to legislation in other states requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. Defendants ignored all of these warnings, as well as the terms of FACTA itself, and continued to print Prohibited Information on customer receipts. In

contrast, most business and retail companies in the United States - particularly large, sophisticated entities like Defendants - elected to take the steps needed to replace, modify or re-program their Cash Registers in order to comply with the law.

## IV. ALLEGATIONS AS TO THE NAMED PLAINTIFF

10. On or about June 14, 2007, CPUN printed the last four digits and the expiration date of Plaintiff's credit card on a receipt provided to Plaintiff at the point of sale or transaction between Plaintiff and CPUN. By doing so, CPUN violated 15 U.S.C.§ 1681c(g).

11. CPUN's violations, as alleged herein, were not an accident or an isolated oversight. Rather, CPUN knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with § 1681c(g). CPUN knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights. CPUN willfully ignored the law, thereby placing Plaintiff and similarly situated customers at greater risk of identity theft. CPUN flouted the identity theft law requirements to avoid the expense of reprogramming and/or replacing its receipt producing/printing devices.

## V. CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and a class of persons similarly situated (sometimes referred to herein as "Class Members"). This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure, Rules 23(a), 23(b)(1) and 23(b)(3).

13. Since January 1, 2005, and within the applicable statute of limitations period, CPUN printed the expiration date and/or printed more than the last five digits of Class Members'

credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between CPUN and the Class Member. To the extent CPUN did so using Cash Registers that were first put in use on or after January 1, 2005, it violated 15 U.S.C. § 1681c(g).

14. On or after December 4, 2006, CPUN printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between CPUN and the Class Members. Each and every such receipt violated 15 U.S.C. § 1681c(g), irrespective of when the Cash Register was put into use.

15. CPUN's violations were not the product of an accident or an isolated oversight. Rather, CPUN knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with § 1681c(g). CPUN knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

16. CLASS DEFINITION: Plaintiff seeks to represent a class of CPUN customers (the "Class"), as follows:

> All individuals in the United States of America who, during the applicable statute period, were provided at the point of sale or transaction with an electronically-printed receipt by defendant on which they printed more than the last five digits of the person's credit card or debit card number, and/or on which they printed the expiration date of the person's credit or debit card.

17. The proposed Class Members can be ascertained from Defendants' records or from information readily accessible to Defendants. Notice can be sent to the Class Members by

mail, email, the Internet, through publication in newspapers and periodicals, or by other means authorized by the Court.

18. This action is brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure:

    a. The Class Members are so numerous that joinder of all of them is impracticable. Plaintiff believes and thereon alleges that the size of the class exceeds 1,000 persons.

    b. Common questions of law and fact are shared by the Class Members. Such common questions include, but are not limited to, the following:

        (i) Whether Defendants printed Prohibited Information on credit card or debit card receipts in violation of FACTA;

        (ii) Whether Defendants' conduct constituted willful noncompliance under the FCRA and FACTA;

        (iii) Whether Class Members are entitled to recover statutory damages, punitive damages or attorney's fees.

    c. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the other Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the other Class Members are based on the same legal theories.

    d. Plaintiff, individually and through counsel, will fairly and adequately protect the interests of the class, and Plaintiff has no interest adverse to the interests of the class. Plaintiff's attorneys are experienced class action

attorneys, will fully and adequately represent and protect the class, and are ready, willing and able to do so.

e. The unlawful practices of Defendants alleged herein constitute a course of conduct common to Class Members. Prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of individual Class Members to protect their interests.

f. Questions of law or fact common to Class Members, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class Members to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them, by

deterring further unlawful conduct, and by aiding in the prevention of identity theft. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

## CLAIM FOR RELIEF

**(Against All Defendants For Willful Noncompliance with 15 U.S.C. § 1681 *et seq.*)**

19.  Plaintiff incorporates the paragraphs above by reference as if fully set forth herein.

20.  During the relevant time period, as alleged above, CPUN repeatedly and systematically printed statutorily Prohibited Information (*i.e.*, the expiration date of a consumer's credit card or debit card and/or more than the last five digits of a consumer's credit card or debit card number) on receipts it provided at the point of a sale or transaction to consumers, including Plaintiff and Class Members, in violation of 15 U.S.C. § 1681c(g).

21.  Plaintiff believes and thereon alleges that CPUN's conduct was pursuant to CPUN policies, routine practices, procedures and customs for electronically printing receipts, at least with respect to certain stores and/or Cash Registers which inexcusably failed to comply with the law. Defendant knew or recklessly disregarded that its use of Cash Registers that did not comply with the law, and that its printing of Prohibited Information on customers' receipts, was in contravention of Plaintiff's and Class Members' rights. As such, Defendants' violations of the FCRA, as alleged by Plaintiff on behalf of himself and Class Members, were "willful" for purposes of the FCRA.

22. As a result of defendant's willful violation of § 1681c(g), Plaintiff and each of the Class Members are entitled to monetary relief under 15 U.S.C. § 1681n of not less than $100 and not more than $1,000 for each violation by defendant.

23. Plaintiff and Class Members also were exposed to at least an increased risk of identity theft by reason of defendant's conduct. However, Plaintiff does not seek to quantify or recover actual damages in this case, either for himself of the Class Members. Because actual loss is often small and hard to quantify, statutes, such as the Fair Credit Reporting Act, provide for modest statutory damages.

## PRAYER

**WHEREFORE**, Plaintiff requests that the Court grant the following relief against Defendants and each of them, jointly and severally:

    a. "Statutory damages" under 15 U.S.C. § 1681n for each willful violation as alleged herein.

    b. Punitive damages under 15 U.S.C. § 1681n.

    c. Costs and attorney's fees.

    d. Interest as permitted by law.

    e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the full extent permitted by law.

Dated: October 5, 2007

Respectfully submitted,

*/s/ Keith Fleischman*

Jay W. Eisenhofer
Keith M. Fleischman
Ananda N. Chaudhuri
GRANT & EISENHOFER P.A.
485 Lexington Ave., 29th Floor
New York, NY 10017
(646) 722-8512
(646) 722-8501 (fax)

Carmen S. Giordano
GIORDANO LAW OFFICES
225 Broadway, 40th Floor
New York, NY 10007
(212) 406-9466
(212) 406-9410 (fax)

Charles Barrett
BARRETT & ASSOCIATES, P.A.
6518 Highway 100, Suite 210
Nashville, TN 37205
(615) 515-3393
(615) 515-3395 (fax)

J. Brandon McWherter
Charles L. Holliday
Clinton H. Scott
SPRAGINS BARNETT & COBB, PLC
312 E. Lafayette Street
P.O. Box 2004
Jackson, TN 38302
(731) 424-0461
(731) 424-0562 (fax)

11

Michael Russell
Justin S. Gilbert
GILBERT & RUSSELL, PLC
2021 Greystone Dr.
Jackson, TN 38305
(731) 664-1340
(731) 664-1540 (fax)

Don Barrett
David McMullan
DON BARRETT, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376
(662) 834-2628 (fax)

*Attorneys for Plaintiffs*