UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS P. THRASH, individually and on behalf  :
of himself and all others similarly situated,            :
                                                                               :
                        Plaintiff,                               :
                                                                               :
                    vs.                                         :    07 Civ. 08665 (RWS) (MHD)
                                                                               :
CPUN TUDOR LESSEE, L.P., a foreign limited   :
partnership for profit, d/b/a Tudor Hotel at the      :
United Nations, and DOES 1 through 10 inclusive, :
                                                                               :
                     Defendants.                        :
------------------------------------------------------------------x

## ANSWER

Defendant CPUN Tudor Lessee, L.P. ("CPUN Tudor Lessee"), by and through its undersigned counsel, responds to the Complaint of Plaintiff Thomas P. Thrash ("Plaintiff") as follows:

1. CPUN Tudor Lessee admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA") and that Congress enacted the Fair and Accurate Credit Transaction Act ("FACTA") in 2003. CPUN Tudor Lessee further admits that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and that venue is proper in this District pursuant to 28 U.S.C. § 1391(b). CPUN Tudor Lessee further admits that Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c). CPUN Tudor Lessee further admits that Plaintiff purports to bring this action as a class action. CPUN Tudor Lessee further admits that it is a Limited Partnership formed in the State of Delaware and that it is authorized to do business in the State of New York.

2.   CPUN Tudor Lessee lacks knowledge or information sufficient to form a belief as to the allegations in paragraphs 3, 5, 6, 7, 9, 10, 14 and 17 of the Complaint, and on that basis, denies them.

3.   The express terms of 15 U.S.C. § 1681c(g) and the Federal Trade Commission publication cited in paragraph 8 of the Complaint speak for themselves, and CPUN Tudor Lessee denies all characterizations inconsistent therewith.

4.   CPUN Tudor Lessee denies all other allegations in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

5.   The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

6.   No damages may be awarded as CPUN Tudor Lessee did not act "willfully," as is required pursuant to 15 U.S.C. § 1681n(a).

### THIRD DEFENSE

7.   Any award of statutory or punitive damages would be disproportionate to the harm alleged and/or suffered by Plaintiff and would therefore violate CPUN Tudor Lessee's rights under the due process clause of the United States Constitution.

### FOURTH DEFENSE

8.   Plaintiff's claim for relief is barred, in whole or in part, because neither he nor any purported class member alleges any injury or has suffered any such injury by reason of any act or omission alleged to have been committed by CPUN Tudor Lessee.

### FIFTH DEFENSE

9.   The Complaint is barred by the doctrines of laches, estoppel, and waiver.

## SIXTH DEFENSE

10. To the extent that any of CPUN Tudor Lessee's conduct was based on a mistake of law or fact, the Complaint is barred.

## SEVENTH DEFENSE

11. To the extent that the Complaint seeks relief for any violation of 15 U.S.C. § 1681c(g)(1) occurring more than two years prior to the commencement of this action, such relief is barred by the applicable statute of limitations as set forth at 15 U.S.C. § 1681p(1).

## EIGHTH DEFENSE

12. To the extent that 15 U.S.C. § 1681c(g)(1) has been violated at the Tudor Hotel, any such violation was caused in whole or in part by persons other than CPUN Tudor Lessee, L.P.

## NINTH DEFENSE

13. To the extent that the Complaint seeks damages for any violation of 15 U.S.C. § 1681c(g) occurring before May 25, 2005, such relief may not be granted because CPUN Tudor Lessee neither owned nor operated any part of the Tudor Hotel prior to such date.

## TENTH DEFENSE

14. To the extent that the Complaint seeks damages for any violation of 15 U.S.C. § 1681c(g)(1) occurring on or after September 19, 2007, such relief may not be granted because CPUN Tudor Lessee neither owned nor operated any part of the Tudor Hotel as of that date.

## PRAYER FOR RELIEF

WHEREFORE, CPUN Tudor Lessee respectfully requests judgment granting the following relief:

15. That Thrash take nothing by his Complaint;

16. That the Court dismiss the Complaint with prejudice;

17. That the Court deny that Plaintiff is entitled to any fees and expenses pursuant to 15 U.S.C. § 1681n(a)(3); and

18. That the Court award CPUN Tudor Lessee such other and further relief as it deems just and proper.

Dated: New York, New York
November 30, 2007

                        SIMPSON THACHER & BARTLETT LLP

                        By  /s/ Barry R. Ostrager
                            Barry R. Ostrager
                            Lisa H. Rubin
                            425 Lexington Avenue
                            New York, New York 10017-3954
                            Telephone: (212) 455-2000
                            Facsimile: (212) 455-2502

                            Attorneys for Defendant CPUN Tudor Lessee, L.P.

**JURY DEMAND**

CPUN Tudor Lessee, L.P. demands a trial by jury on all claims and causes of action to which it is entitled to a jury trial.

Dated: New York, New York
November 30, 2007

SIMPSON THACHER & BARTLETT LLP

By /s/ Barry R. Ostrager
Barry R. Ostrager
Lisa H. Rubin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Defendant CPUN Tudor Lessee, L.P.