

**Grant & Eisenhofer P.A.**

Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908

April 1, 2008

RECEIVED MAY 15 2008 JUDGE SWEET CHAMBERS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/15/08

So ordered
[signature] T U S D J
5-15-08

**DELIVERY BY HAND**
The Hon. Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re: Thrash v. CPUN Tudor Lessee, L.P., No. 07 Civ. 08665 (RWS)

Dear Judge Sweet,

    I write to inform Your Honor that the parties to the above-captioned action have reached a settlement in principle pending the Plaintiff obtaining certain confirmatory discovery from third parties. Accordingly, the parties jointly request that the Court adjourn the upcoming deadlines for briefing on Plaintiff's motion for class certification and the conclusion of discovery in support thereof.

    The case involves alleged violations of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681c(g), by Defendant CPUN Tudor Lessee, L.P., the former owner of the Tudor Hotel in New York City. FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g).

    The complaint alleges that Defendant willfully printed credit and debit card receipts with Plaintiff's and putative class members' card expiration dates and/or card numbers in violation of 15 U.S.C. § 1681c(g), which carries a statutory penalty of between $100 to $1,000 per violation.

    The parties have agreed that: (a) Defendant will contribute $200,000, exclusive of attorneys' fees and the cost of publishing notice, to a fund (the "Fund") for distribution to class members, who will receive a maximum of $100 for each deficient receipt received from Defendant, provided that after a reasonable notice period, any unclaimed amounts remaining in the Fund will be returned to Defendant; (b) Defendant will pay for the publication of notice to the class through three consecutive, mid-week 1/8 page advertisements in *USA Today*; and (c) Plaintiff's counsel will seek and Defendant will not oppose a fee application in an amount not to exceed one-third of the Fund, and Defendant will pay any fee awarded by the Court separate and apart from its $200,000 contribution to the Fund.

The Hon. Robert W. Sweet
April 1, 2008
Page 2



Grant & Eisenhofer P.A.

Based upon the documents exchanged and the facts elicited during fact discovery, Defendant believes that notice via publication will constitute "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). In particular, Defendant's interest in and relationship to the Tudor Hotel ended in September 2007, when the hotel was sold to an unrelated party. Because the sale was completed weeks before the initiation of this lawsuit, Defendant did not retain any hard-copy or electronic records featuring the names and addresses of prospective class members. To the best of Defendant's knowledge, the hotel's new owner has not retained such documents either.

Plaintiff believes that if addresses of absent class members can be obtained at a reasonable cost, Rule 23 mandates individualized notice. To confirm that individual notice cannot be provided "through reasonable effort," the parties have agreed to Plaintiff seeking limited, third-party discovery consisting of: 1) an affidavit from the new owner of the Tudor Hotel stating that it does not possess the names and addresses of persons who received deficient receipts at the Tudor Hotel during Defendant's ownership thereof; (2) a subpoena to Micros Retail Systems, Inc., the manufacturer of the credit card processing system used by the Tudor Bar & Grill, to determine what data is electronically stored in such system; and (3) targeted subpoenas to credit card companies to determine whether they have and will provide the last-known addresses of class members. Assuming that such third-party discovery does not yield the information necessary to furnish individual notice "through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B), the parties will present a classwide settlement for approval to Your Honor.

So that Plaintiff may take the discovery outlined above and the parties may finalize their settlement, the parties jointly request that the Court adjourn the April 30, 2008 return date on Plaintiff's motion for class certification and the April 16, 2008 cut-off for discovery relating to class certification, both of which were set at the February 6, 2008 conference with Your Honor, for sixty (60) days (*i.e.*, until June 30, 2008 and June 16, 2008, respectively). In accordance with section 1.E. of Your Honor's Individual Practices dated October 5, 2007, the parties jointly state that there have been no prior requests for such an adjournment or extension, the requested adjournment does not affect any other scheduled dates in this matter, and all parties consent thereto.

Please do not hesitate to contact me if you have any questions or concerns.

Respectfully,

*Keith Fleischman*

Keith M. Fleischman

cc: Barry R. Ostrager, Esquire