



Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

**Grant & Eisenhofer P.A.**

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

Direct Dial: 646-722-8512
Email: kfleischman@gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908

June 30, 2008

**BY HAND**
The Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1920
New York, New York 10007



Re:   *Thrash v. CPUN Tudor Lessee, L.P.*, No. 07 Civ. 08665 (RWS)

Dear Judge Sweet:

I write on behalf of the parties to the above-captioned litigation. On April 1, 2008, the parties wrote Your Honor stating that an agreement in principle had been reached to settle claims brought by Thomas P. Thrash ("Plaintiff") on behalf of himself and a class of similarly situated individuals. Plaintiff alleged that Defendant CPUN Tudor Lessee, L.P. ("CPUN Tudor") violated The Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681c(g) ("FACTA"), by printing the expiration date and/or more than the last five digits of customers' credit card numbers on their receipts. Discovery revealed that Defendant only printed the expiration date on customers' receipts in violation of FACTA but properly truncated customers' credit card numbers. This Court has not certified a class in this action, nor is there a motion to certify a class pending.

Recently, FACTA was amended to retroactively eliminate Plaintiff's cause of action for improperly printing the expiration dates on credit card receipts. *See* The Credit and Debit Card Receipt Clarification Act of 2007 Pub. L. No: 110-241 (June 3, 2008) ("FACTA Amendment"). The FACTA Amendment created significant doubt as to whether the settlement in principle was enforceable and whether a final class wide settlement could be reached. As result of this, the parties agreed to settle only Thrash's individual claim.

So ordered
Sweet USDJ
7.9.08

The Honorable Robert W. Sweet
June 30, 2008
Page 2



Grant & Eisenhofer P.A.

    Upon execution of a settlement agreement, the parties will submit a stipulation to Your Honor agreeing to Mr. Thrash's dismissal of all claims with prejudice. Because no class has been certified, court approval of the settlement is not required. *See Eckert v. Equitable Life Assurance Society of U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005) ("[B]ecause Eckert's acceptance of the settlement was only on behalf of his claims rather than the certified class, Eckert need not obtain the Court's permission prior to withdrawing from the action."); *see also* Fed. R. Civ. P. 23(e).

    So that the parties may finalize the settlement, the parties jointly request that the Court adjourn the June 30, 2008 return date on Plaintiff's motion for class certification. The parties intend to present a stipulation of dismissal to the Court on July 11, 2008. In accordance with section 1.E. of Your Honor's Individual Practices dated October 5, 2007, the parties jointly state that there has been one prior request for such an adjournment or extension, the requested adjournment does not affect any other scheduled dates in this matter, and all parties consent thereto.

    Should Your Honor have any questions or concerns, please do not hesitate to contact the undersigned.

                                          Respectfully Submitted,

                                          Keith M. Fleischman

cc: Barry R. Ostrager, Esq. (Counsel for Defendants)